IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Paul Newman Allen, ) | C/A No.  3:04-2415-JFA-JRM |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER ADOPTING** |
| George Gintoli; W. Russell Hughes ) | **MAGISTRATE JUDGE'S** |
| in their personal capacities; and ) | **REPORT AND RECOMMENDATION** |
| South Carolina Department of Mental ) | |
| Health (for injunctive relief), ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

The *pro se* plaintiff, Paul Newman Allen, initiated this action against the defendants pursuant to 42 U.S.C. § 1983. He has been involuntarily committed to the South Carolina Department of Mental Health ("SCDMH") as a Sexually Violent Predator ("SVP") pursuant to the South Carolina Sexually Violent Predator Act, S.C. Code Ann. § 44-48-10, *et seq*. He alleges that his Eighth and Fourteenth Amendment rights were violated because he is required to pay for eyeglasses and dentures or go without them. He requests injunctive relief and monetary damages.

The plaintiff, along with three other individuals also housed at the SCDMH, filed and jointly signed the complaint, dated July 23, 2004. The court issued an order to assign a separate civil action number to each plaintiff.[1] On August 3, 2004, the plaintiff then filed a document styled as a new complaint, wherein he objected to the Magistrate Judge's first Report and Recommendation. In his new complaint, Allen lists only his name as plaintiff and reasserts his claim of deliberate indifference to a serious medical need under 42 U.S.C. § 1983. Specifically, the plaintiff alleges that defendants will not allow him to have a hearing aid without first paying for it in full, which the plaintiff claims is denial of a medical service.

On October 8, 2004, the undersigned reviewed the Magistrate Judge's first Report and Recommendation filed July 27, 2004. The court rejected the Report for an inconsistency

---

[1] The three other cases resulting from the court's order separating the plaintiffs are *Bennington v. Gintoli*, C/A No. 3:04-2417-JFA-JRM, *Belding v. Gintoli*, C/A No. 3:04-2416-JFA-JRM, and *Kollyns v. Gintoli*, C/A No. 3:04-2322-JFA-JRM.

with regard to the capacity in which the defendants were being sued.[2] The court directed the complaint be served on the defendants. The defendants filed an answer to the complaint on November 3, 2004.

On January 5, 2005, the defendants filed a motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. In accordance with established procedures in this District, the case was referred to a Magistrate Judge for pretrial handling. Pursuant to *Roseboro v. Garrison*, 528, F.2d 309, (4th Cir. 1975), the plaintiff was advised that a failure to respond to the motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. The plaintiff responded in opposition to the motion, and the defendants filed a supplemental motion for summary judgment to which the plaintiff responded as well.

While the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Social Services*, 901 F.2d 397 (4th Cir. 1990).

---

[2] The first Report and Recommendation indicated that the individual defendants were being sued in their official capacities when the complaint and caption were styled that they were being sued in their personal capacities.

In a detailed and comprehensive Report and Recommendation filed with the court on August 23, 2005, the Magistrate Judge suggests that the defendants' motion for summary judgment should be granted. Specifically, the Magistrate opines that the plaintiff fails to show how the alleged requirement that the SCDMH pay for his hearing aid violates his constitutional rights. The Report sets forth in detail the relevant facts involved in this case, and the court incorporates those facts as described in the Report without a recitation.

Within the time limits set out in the Local Rules for this District, the plaintiff did not file objections to the Report and Recommendation.

Also before the Magistrate Judge were plaintiff's motions for default judgment, to strike, and for sanctions. The court finds the Magistrate Judge's recommendation of denial of these motions proper.

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds that the Magistrate Judge's Report fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

It is therefore ordered that the defendants' motion for summary judgment is hereby granted. Plaintiff's motions for default judgment, to strike, and for sanctions are denied.

IT IS SO ORDERED.

September 22, 2005
Columbia, South Carolina

s/ Joseph F. Anderson, Jr.
United States District Judge

5